## Thomas S. Silvis and The Rock Island National Bank v. Dietrich Oltmann.

1. FRAUD—*Good Faith of a Transaction for the Jury.*—The good faith of a person in a transaction is a question falling peculiarly within the province of the jury, and the Appellate Court will not disturb their finding if the record is free from error.

2. EVIDENCE—*Admissions of Third Persons, When Competent.*— Where a person charged with having fraudulently conveyed his property to hinder and delay his creditors is put upon the stand by the person to whom such property is conveyed for the purpose of showing the good faith of the transaction, it is competent upon cross-examination to show by him that he had admitted that he owed such person nothing.

3. FRAUDULENT CONVEYANCES—*Measure of Proof.*—Upon an issue as to whether a conveyance of property was made for the purpose of hindering and delaying creditors, an instruction stating that while circumstances may be suspicious in their appearance, and create a suspicion of fraud, yet the jury can not presume them to be fraudulent if they can be reconciled with a theory or presumption of honesty and honest intent, is erroneous as stating the proposition stronger than the law warrants.

4. SPECIAL INTERROGATORIES—*When Properly Refused.*—Special interrogatories calling for evidentiary facts are properly refused.

Silvis v. Oltmann.

Memorandum.—Trespass for taking property. Appeal from the Circuit Court of Rock Island County; the Hon. John J. Glenn, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

## Statement of the Case.

In January, 1891, Sam Arndt began business in Rock Island under the style of American Clothing Co. He represented that he and his wife, Justina, constituted the firm. He opened an account with the Rock Island National Bank, deposited money and borrowed money from time to time. In January, 1892, he and his wife made two notes to the bank for $750 each, one due in sixty and the other in ninety days. In a few days afterward he made his individual note to the bank for $3,600, due in sixty days. He at the time represented that his only other indebtedness was to the amount of $2,800, and that his stock of goods was worth $7,000 or $8,000. Within a few days after executing the notes to the bank, judgment was entered by confession against Arndt and his wife in favor of Dietrich Oltmann, a brother of his wife, doing a banking business at Kingsley, Iowa, for $5,492, including $100 as attorney fees. Execution issuing from the judgment, was levied upon the stock of clothing, and on the 13th of February, 1892, the entire stock was bid off by Oltmann's attorneys for him for $4,000. On the 20th of February, Oltmann came to Rock Island, obtained possession of the goods and store room, placed Arndt and one Honk, a former clerk of Arndt, in charge, opened up the business in his name, and returned to his home in Iowa. He took no personal supervision of the business, but allowed Arndt complete management and control. Arndt continued the business, exercising his own judgment as to buying and selling, replenishing the stock, making accounts and collecting them. At the May term of the Rock Island Circuit Court, 1892, the bank recovered judgments on the notes which had been executed to it against the Arndts, amounting in the aggregate to $5,161.07. Executions issuing therefrom were levied upon the stock of goods as the

property of Arndt and his wife by appellant, Thomas S. Silvis, as deputy sheriff, and the same was sold for $4,200. Oltman began suit in trespass against the bank and Silvis. There were filed a plea of the general issue and two special pleas justifying the taking of the goods upon the executions issuing from the judgment against Arndt and the judgment against Arndt and his wife. A trial by a jury resulted in a verdict and judgment in favor of Oltmann, for $5,000.

SWEENEY & WALKER and W. H. GEST, attorneys for appellants.

JACKSON & HURST and IRA O. WILKINSON, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

In seeking a reversal of the judgment appellants urge that the Circuit Court admitted improper evidence, refused proper evidence, refused proper instructions asked by them, gave improper instructions for the plaintiff, refused to submit to the jury proper questions of fact for their special finding, that the verdict is against the evidence, and that the court should have entered a judgment in their favor on the special findings, made by the jury.

The entire contest was upon the issue raised by the special pleas. Appellants denied that appellee ever was the owner of the property, and claimed that the note given to him by the Arndts, the judgment confessed thereon and the proceedings had thereunder, by which the Arndts were divested of title to the goods, were a fraudulent scheme and conspiracy to hinder and delay creditors. Prior to the time appellee received the note on which the judgment was confessed he had seen but little of Sam Arndt and no business of any character had ever been transacted between them. He came to Rock Island in response to an application to aid Arndt in his financial embarrassment. Arndt owed him nothing, but the consideration for the note for $5,392, as alleged, was two notes executed by Arndt and his wife to

Silvis v. Oltmann.

appellee's father, and a sight draft on appellee's bank for
$1,500. The draft was executed and delivered to Arndt's
wife for the purpose of taking up the two notes of $750
each made to the Rock Island National Bank, on the 7th of
January, 1892. It was never used for that purpose; it was
not presented to appellee's bank nor to appellee for pay-
ment; it was retained by Arndt's wife until after the
Rock Island Bank had obtained judgment and sold the store
on execution, then it was surrendered to appellee and
marked by him as "paid." It was claimed upon the trial,
that it was taken up by the Arndts in the store. A care-
ful perusal of the evidence leaves no doubt upon our minds
that it was the purpose of Arndt in executing the note to
appellee and putting on foot the proceedings to divest him-
self of the title to the goods, to defraud and hinder the Rock
Island Bank and other creditors. There are several suspi-
cious circumstances tending to show that the appellee un-
derstood Arndt's purpose and that he lent his aid to his
scheme. While he claims that he was acting in good faith
for the sole purpose of securing the debt to his father, it
looks very much to us that he had the further purpose of
putting his brother in-law in such a position that he could
continue in the clothing business, without being annoyed by
collection proceedings of creditors. The good faith of ap-
pellee was a question falling peculiarly within the province
of the jury, however, and we should hesitate to disturb their
finding if the record was entirely free from error.

Sam Arndt was introduced as a witness by the appellee to
show the good faith of the transactions by which judgment
was recovered against him, the goods levied upon and title
to them secured to appellee. On cross-examination it was
sought to bring out certain conversations had by him with
one Wereberger, in which he admitted that he owed appel-
lee nothing, and that the judgment was confessed and the
other proceedings had for the purpose of defrauding the
bank, but the court refused to allow such proof. This was
error. If for no other purpose, the examination and proof
were proper as affecting the credit of Arndt as a witness.

Among the many and very lengthy instructions given to the jury was one (the tenth for the plaintiff) in which they were told that although they might find suspicious circumstances surrounding the transaction of Arndt and Oltmann, "yet the jury can not presume them to be fraudulent if the acts, under the evidence, can be reconciled with a theory or presumption of honesty and honest intent." This proposition is stated more strongly then the law warrants in a civil cause. Under it the jury could sustain the transaction, although a preponderance of the evidence showed that it was fraudulent. No matter how strong the suspicious circumstances surrounding the transaction of the acts under the evidence can be reconciled with a theory of honesty (a proper test in a criminal case), then the jury should find the transaction to have been performed in good faith. The giving of this instruction was error, and one, in view of the facts, sufficient to reverse the judgment. The plaintiff's seventh instruction was argumentative and misleading.

We see no error of the court in admitting evidence. Several of the refused instructions could have been given, but we think the case was all covered by instructions that were given. There was no error committed in refusing to submit to the jury certain questions of fact for special finding. They were but evidentiary and were properly refused. C., R. I. & P. R. R. Co. v. Clough, 33 Ill. App. 130. The special findings of the jury were not sufficient to authorize a judgment for appellants.

For the two errors already held by us as committed, the judgment should be reversed and the cause remanded.